# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAJUANDO MARTIN,<br><br>           Plaintiff,<br><br>v.<br><br>COMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | Case No. 2:20-cv-02041-JAD-DJA<br><br>**ORDER** |

This matter is before the Court on Plaintiff Shajando Martin's Motion/Application to proceed *in forma pauperis* submitted on November 5, 2020. (ECF No. 1). The application has sufficiently shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* will be granted pursuant to § 1915. The Court will now review Plaintiff's complaint.

When a party seeks permission to pursue a civil case *in forma pauperis*, courts will screen the complaint. *See* 28 U.S.C. § 1915(e). With respect to social security appeals specifically, judges in this District have outlined some basic requirements for complaints to satisfy the Court's screening. First, the complaint must establish that administrative remedies were exhausted pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within 60 days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, \*2 (D. Nev. Jan. 26, 2015) (collecting cases).

1	The Court has reviewed Plaintiff's Complaint (ECF No 1-1) and finds that the requisite elements outlined above have not been adequately pled to survive screening and proceed with the case. Specifically, Plaintiff claims that the Appeals Council denied his claim on August 17, 2020. However, he commenced this action on November 5, 2020, which is past the 60 days deadline of October 16, 2020. Plaintiff fails to attach the Appeals Council's decision to verify the date he received it. Therefore, the Court will grant Plaintiff one opportunity to amend his complaint if he can show that he timely filed this action.

**IT IS THEREFORE ORDERED** that Plaintiff's request to proceed *in forma pauperis* (ECF No. 1) is **GRANTED** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pre-pay the filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint (ECF No 1-1).

**IT IS FURTHER ORDERED** that the Complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **December 9, 2020** to file an amended complaint correcting the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

///

**Failure to comply with this Order may result in the Court recommending that this action be dismissed.**

DATED: November 9, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE